By the Court,
Jones, J.
Circumstantial evidence is of two kinds, namely: certain, or that from which the conclu *55 sion in question necessarily follows ; and uncertain, or that from which the conclusion does not necessarily follow, but is probable only, and is obtained by a process of reasoning. (1 Greenl. Ev. § 13, a.) Again : when the known and ascertained facts and circumstances surrounding and accompanying the disputed fact so coincide and agree with the hypothesis that the disputed fact is true, as to render the truth of any other hypothesis, bn the principles of reasoning and exeperience, exceedingly remote and improbable and morally, though not absolutely and metaphysically, impossible, the hypothesis is established as morally true. ( 1 Stark. Ev. 561.) Again : presumptions of fact, usually treated as comprising the second general head of presumptive evidence, are to be judged.by the common and received tests of the truth of propositions and the validity of arguments. They depend on their own natural force and efficacy in generating belief or conviction in the mind as derived from their connection with the subject matter, which are shown by experience, irrespective of any legal relations. They are merely natural presumptions derived wholly and directly from the circumstances of the particular case by means of the common experience of mankind, without the aid or control of any rules of law whatever. (1 Greenl. Ev. § 44.)
Applying these general principles to the evidence, I think the plaintiff was improperly nonsuited.
It clearly appeared in the evidence that there was an extensive riot in the city, which the city authorities were for some days unable to cope with. It also appeared that the riot was rampant in the particular section of the city where this fire occurred, and acts of rioting occurred within a few blocks of where the fire took place. The evidence clearly showed that in this section of the city the chief demonstration of the rioters was upon negroes and their houses. The evidence also tended to show that the establishments of those employing negroes were especial objects of attack by rioters, although the evidence in this respect does not go so far as perhaps it might. There was also evidence of threats to burn this particular establish *56 ment where the fire occurred. Threats had been made in the afternoon and evening to burn the premises. About 11 o’clock of the evening a riotous demonstration was made on 613 Greenwich street, in the course of which one Tom Brennan said Baker had negroes, and proposed to go down there; then the mob moved off; they returned at 1 o’clock ; inquiry was made for matches, and shortly after the fire broke out.
When the first hose company reached the scene of the fire there were ten or twelve men standing near the fire, from some of whom came expressions indicative of a desire to cut the hose so as to prevent the extinction of the flames. One of the firemen testifies that it is an uncommon thing for such a crowd of men to be about at the breaking out of a fire in such a neighborhood, at that time of night. And another fireman testifies he apprehended no danger from the remarks about cutting the hose, judging from the party they had (25) and the small party of the others (12.) The evidence clearly tended to show that the premises had been set on fire by some party unknown.
Under the principles of law above laid down, it is not necessary that the facts and circumstances should go to the extent of showing it to be absolutely impossible for the fire to have occurred without the agency of rioters. If that was so, there could be no such distinction between the two classes of circumstantial evidence as is above set forth.
It is sufficient if the facts and circumstances so coincide with the hypothesis that the premises were fired by rioters, as to render the truth of an hypothesis that they were fired in any other way, on the principles of reasoning and experience, exceedingly remote and improbable, and morally though not absolutely impossible.
The facts and circumstances of this case as above stated tend to bring the case within this principle of law last laid down, sufficiently to require a submission of the case to the jury under the rule that where there is any evidence in support of the plaintiff’s case, however slight, a nonsuit should not be granted,
*57 But again, as the force and effect of the facts above stated in raising and inducing the presumption that the fire was the act of rioters, depends entirely upon the natural presumptions to be derived wholly and directly from the circumstances of this case by means of the common experience of mankind, and upon the natural force and efficacy of the facts and circumstances generating belief or conviction-in the mind, it is eminently proper that this case should' have been submitted to the jury. Of course these remarks do not apply where the facts and circumstances fall far short of proving or tending to prove the fact in dispute; but when they do tend to prove such fact, although very slightly, it is advisable and expedient and I think necessary, that the case should go to the jury.
The denial of a motion for a nonsuit does not necessarily imply that the plaintiff is entitled to a verdict, upon the proof as it stands, but may, and often times does, assert simply that the evidence adduced is of such character as to cause the decision of the questions of fact involved to fall within the province of the jury.
Take, for instance, an action of assault and battery where one of the plaintiff's witnesses proves an unjustifiable assault, and the other proves the assault, but also proves that it was justifiable. Here the court would be obliged to refuse a non-suit, and yet the jury might well give credence to the witness who proved the assault to be justified, and return a verdict for the defendant. (Labar v. Koplin, 4 Comst. 547.)
It is intended here only to decide that the evidence was of such a character as to require its submission to the jury for its determination thereon, and not in any way to intimate what the verdict of the jury should be.
Exceptions sustained, and new trial granted ; costs to the plaintiff to abide the event.